**Corinne LACOMBLE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 36827.

United States District Court
N. D. California, S. D.

Oct. 2, 1959.

**374**

Russel Shearer, Shearer, Thomas & Lanctot, San Francisco, Cal., for plaintiff.

Lynn J. Gillard, U. S. Atty., Marvin D. Morgenstein, Asst. U. S. Atty., San Francisco, Cal., for defendant.

ROCHE, District Judge.

Plaintiff has brought action to recover income taxes alleged to have been erroneously and illegally collected by defendant for the taxable years 1953 and 1954.

The facts are not disputed. Plaintiff's deceased husband retired from the Shell Oil Company on January 1, 1951 after 30 years and 10 months service, of which 7 years and 3 months had been rendered abroad while he was a resident abroad. When plaintiff's husband retired he was entitled to a pension for life of 35% of his average monthly compensation during the last 5 years of his service, or in the alternative, a reduced pension for his life and one to his widow, if she survived him, at one-half the reduced rate for the remainder of her life. He chose the latter plan. Plaintiff's husband died November 5, 1952 and since then plaintiff has been receiving $8,958.96 per year under the plan.

The sole question is whether plaintiff is entitled to exclude from her gross income, in computing her taxable income, that percentage of the pension which her deceased husband was entitled to exclude by reason of the fact that the pension was in part deferred compensation for services rendered abroad while a non-resident of the United States. Plaintiff's right to a refund for the taxable year 1953 is governed by the Internal Revenue Code of 1939 while her claim for 1954 is governed by the 1954 Code.

The essential issue of the case, and one which must be decided in the affirmative before any other issues become pertinent, is whether or not the payments received by taxpayer are "income in respect of a decedent" under Section 691 of the 1954 Code, 26 U.S.C.A. § 691, and Section 126 of the 1939 Code, 26 U.S.C.A. § 126, the provisions of which are substantially

identical. If plaintiff is to succeed she must establish that the income in issue has the same character in her hands that it would have had as income to the decedent. To do so she must show that the payments were "income in respect of a decedent."

Congress has not favored us with an explicit definition of "income in respect of a decedent," but it has used language from which the essential characteristics of such "income" may be inferred. Section 691(a) (1) begins, "The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death of a prior period * * *." The reasonable implication of this description is that "income in respect of a decedent" is income which would have been taxable to the decedent in *some* period had he survived. Paragraph (a) (3) states that "* * * the amount includible in gross income under paragraph (1) * * * shall be considered in the hands of * * * such person to have the character which it would have had in the hands of the decedent if the decedent had lived and received such amount." Again the implication is clear that "income in respect of a decedent" is income which the taxpayer himself would have received had he lived. In the instant case, under no circumstances would the decedent have ever received the payments in issue for they were payable only to his wife. They were not a partial continuation of *his* pension; *his* right to receive payments ceased upon his death.

■■ The policy underlying the enactment of Sections 126 and 691 is to relieve the decedent taxpayer's estate from the requirement that there be included in his income for the taxable period in which his death occurred all the income accrued up to the date of his death. To avoid the "bunching" of all such income in the decedent's final return, Sections 126 and 691 make the income accrued solely by reason of his death taxable to the actual recipient when received. See P–H, Official Explanation of the In-

ternal Revenue Code of 1954, p. 24,407. Obviously, "income in respect of a decedent" must be income which ordinarily would be taxable to the decedent, for Sections 126 and 691 are directed exclusively at income with that characteristic. Here, the payments in issue did not "accrue" to the decedent by reason of his death. On the contrary, his right to income from the annuity ceased immediately. Section 126 was not needed in order to spare his estate the burden of paying income tax on the annuity payments that were to be made to his surviving wife. No one contends that these payments were income to the decedent. Thus, they do not have the character of "income in respect of a decedent" which is the subject of Sections 126 and 691.

Plaintiff cites subsection 691(d) which refers specifically to joint and survivor annuity contracts. That paragraph, appearing only in the 1954 Code, is applicable solely to decedents dying after December 31, 1953. However, the language used is indicative of the Congressional state of mind both before and after the amendment. Subsection (d) (1) states, "For purposes of computing the deduction under subsection (c) (1) (A), amounts received by a surviving annuitant * * * shall * * * be considered as amounts included in gross income under subsection (a)." If Congress had considered amounts received by a surviving annuitant to be "income in respect of a decedent," subsection (d) (1) would be superfluous, for such "income" is automatically used in the computation of the estate tax deduction allowed by subsection (c) (1) (A). On the other hand, if Congress had intended by paragraph (d) (1) to expressly make payments to a surviving annuitant "income in respect of a decedent," it would not have included the restricting phrase, "For purposes of computing the deduction under subsection (c) (1) (A) * * *." The conclusion is inescapable that Congress has never intended that amounts received by a surviving annuitant should be considered—except for the deduction allowed by subsection (c)

(1) (A), which is not applicable here—as "income in respect of a decedent."

Plaintiff having failed to establish that the payments in issue were "income in respect of a decedent", the complaint is dismissed and judgment entered for the defendant. The defendant will prepare Findings of Fact and Conclusions of Law in accordance with the foregoing.